UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JERMAINE WINN,                                    :
                                                  :
            Plaintiff                             :
                                                  :
      v.                                           :          No. 2:16-cv-05275
                                                  :
PHILADELPHIA PRISON SYSTEMS;                      :
STATE CORRECTIONAL INSTITUTION                    :
GRATERFORD;                                       :
CORRECTIONAL CARE SOLUTIONS; and                  :
DR. JOHNSON, *Willis Eye Institute (Phila)*,      :
                                                  :
            Defendants.                           :
_____

## MEMORANDUM OPINION

**Plaintiff's Motion for Leave to Proceed En [sic] Forma Pauperis, ECF No. 1 – Granted
Complaint Dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)**

**Joseph F. Leeson, Jr.**                                    **February 1, 2017**
**United States District Judge**

     Plaintiff Jermaine Winn, a prisoner at the State Correctional Institution at Pine Grove,
brings this action pursuant to 42 U.S.C. § 1983 based on treatment he received for an eye
condition during his incarceration.  He seeks permission to proceed in forma pauperis, which is
granted, but his complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it
fails to state a claim for relief.

**I.      Background**

     Winn alleges that he was arrested on or about October 16, 2012, and imprisoned at the
Curran-Fromhold Correctional Facility in Philadelphia. During his intake screening, he informed
the staff that he suffered from glaucoma and cataracts in his left eye. Medical staff referred him
to the facility's optometrist, who concluded that he required treatment from a specialist. Winn
was subsequently referred to Will's Eye Institute, where Dr. Johnson operated on his left eye.

     Winn was subsequently sentenced to a term of incarceration, and officials with the
Philadelphia Prison System medically cleared him to be transferred to the State Correctional
Institution at Graterford. At the time, he had stitches in his left eye and required follow-up care.

     The State Correctional Institution at Graterford took custody of Winn and his medical
records, which described the nature of his medical condition. Winn also personally informed the

staff at Graterford of his condition. He was then "medically cleared to be transferred once again to another facility of the Pennsylvania Department of Corrections." Compl. 3, ECF No. 1-1.

Winn initiated this suit in October of 2016 against the Philadelphia Prison System, the State Correctional Institution at Graterford, Dr. Johnson, and Correctional Care Solutions, which is identified as a corporation that contracts with the Department of Corrections.[1] He seeks compensatory damages for medical care required while he is incarcerated.

## II.    Standard of Review

The Court is granting Winn leave to proceed in forma pauperis because it appears he is incapable of paying the fees to commence this civil action.[2] That means that 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss an in forma pauperis complaint if it fails to state a claim. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). As Winn is proceeding pro se, his allegations are liberally construed. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   Discussion

The Court understands Winn to be claiming that the defendants violated his rights because of the way that they addressed his medical needs. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Winn cannot state a § 1983 claim against the State Correctional Institution at Graterford, because Graterford shares in the Commonwealth's Eleventh Amendment immunity and, in any event, is not a "person" for purposes of § 1983.[3] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-69 (1989); *Dickerson v. SCI Graterford*, 453 F. App'x 134, 137 (3d Cir. 2011) (per curiam). He also cannot state a claim against the Philadelphia Prison System because the System "is a municipal agency of the City of Philadelphia and, as such, has no separate existence of its own and is not subject to suit." *Baylor v. Phila. Prison Sys.*, No. 10-cv-1468, 2010 WL 3191803, at *1 (E.D. Pa. Aug. 11, 2010); *see also* 53 Pa. Stat. § 16257. Accordingly, Winn's claims against these two defendants are dismissed with prejudice.

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while claims brought by pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment. *See Hubbard v. Taylor*, 399 F.3d 150, 165-66 (3d

---

[1]     On the second page of his complaint, Winn appears to identify Will's Eye Institute and the Pennsylvania Department of Corrections as possible additional defendants. However, he did not name those entities as defendants in the caption of his complaint as required by Federal Rule of Civil Procedure 10(a).

[2]     As he is a prisoner, Winn must still pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[3]     The same is true for the Pennsylvania Department of Corrections to the extent Winn sought to raise any claims against it. *See supra* note 1; *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).

Cir. 2005). Winn's claims appear to span the time that he was a pre-trial detainee as well as his post-conviction incarceration. Under the Eighth Amendment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The same standard generally applies to claims raised by pretrial detainees based on inadequate medical care. *See, e.g.*, *Edwards v. Northampton Cty.*, No. 16-2601, 2016 WL 6156005, at *2 (3d Cir. Oct. 24, 2016); *Brown v. Deparlos*, 492 F. App'x 211, 214 (3d Cir. 2012) (per curiam).

A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety," which means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Allegations of general medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Nothing in the complaint suggests that Dr. Johnson or anyone else was deliberately indifferent to Winn's medical needs. He alleges that prison officials referred him to Dr. Johnson for treatment, that Dr. Johnson performed surgery on him to treat his condition, and that he was medically cleared for a transfer after he was sentenced in his criminal case. Nothing in the complaint suggests that Dr. Johnson or others disregarded his medical issues. To the contrary, the complaint as pleaded suggests that Winn received the care that he needed. Accordingly, he has not stated a claim against Dr. Johnson.[4]

Nor has he stated a claim against Correctional Care Solutions. To state a § 1983 claim against a corporation that contracts with a municipality, a plaintiff must allege that the contractor's policies or customs caused the violation of the plaintiff's constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). As already observed, Winn's allegations do not establish that anyone acted with deliberate indifference to his serious medical needs or otherwise violated any of his constitutional rights. But even assuming that he had pleaded a viable constitutional violation, he has not identified a policy or custom of Correctional Care Solutions that would establish a basis to hold it liable.

## IV.    Conclusion

Winn's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim. While his claims against the Philadelphia Prison System and the State Correctional Institution Graterford are dismissed with prejudice, his remaining claims are

---

[4]        As the complaint does not state a claim against Dr. Johnson, any claims against Will's Eye Institute based on its status as Dr. Johnson's employer would also fail.

dismissed without prejudice to Winn's ability to file an amended complaint if he is able to state a plausible basis for a timely claim against the other defendants.[5] An appropriate order follows.

BY THE COURT:

/s/ Joseph F. Leeson, Jr._____
JOSEPH F. LEESON, JR.
United States District Judge

---

[5]     It appears that at least some portion of Winn's claims is time-barred. The statute of limitations governing his claims is two years, *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also* 42 Pa. Cons. Stat. § 5524, and the limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). It appears from the complaint that Winn's claims are based on events dating back to October of 2012, approximately four years before the complaint was filed.